JOHN H. MARLOWE, ELLA MARLOWE AND PATRICIA MARLOWE v. RELIANCE INSURANCE COMPANY

No. 7228DC392

(Filed 2 August 1972)

**Insurance § 87— drivers insured under policy — social relationship between insured and driver — permission — directed verdict**

Where the evidence tended to show that defendant had issued an automobile insurance policy to a wife who was separated from her husband and who did not reside in the same house with her husband, and that the husband had taken the wife's automobile without her permission and contrary to her orders, and that while the husband was unlawfully in possession of the automobile he was involved in

Marlowe v. Insurance Co.

an accident with plaintiffs, directed verdict for defendant was proper since plaintiffs failed to prove that husband was an insured under the provision of the policy issued wife by the defendant insurance company.

APPEAL by plaintiffs from *Allen, Judge,* 14 February 1972 Session of the District Court held in BUNCOMBE County.

These were three separate cases which were consolidated for trial. Each of the three plaintiffs had procured a judgment against Jackie Lee Weaver as a result of an automobile accident which had occurred on 27 July 1968. John Marlowe had procured a judgment in the amount of $950 for property damage to his automobile. Ella Marlowe had procured a judgment in the amount of $1,500 for personal injuries. Patricia Marlowe had procured a judgment in the amount of $400 for personal injuries.

Execution having been issued on each of the three judgments and having been returned unsatisfied, each of the plaintiffs instituted an action against the defendant, Reliance Insurance Company, asserting an obligation on behalf of said insurance company to satisfy and pay the judgments theretofore obtained. Plaintiffs alleged that Jackie Lee Weaver was an insured under the provisions of the policy issued by the defendant insurance company. The defendant insurance company filed an answer in each case denying that Jackie Lee Weaver was an insured person under the provisions of its policy and asserting that Jackie Lee Weaver was not operating the automobile involved with the knowledge, consent or permission of Betty Farmer Weaver and that the said Jackie Lee Weaver was not a member of the household of Betty Farmer Weaver, to whom the policy had been issued.

At the time of trial the parties entered into certain stipulations as to facts and "further stipulate that the Presiding Judge may rule and enter Judgment on said facts and the law applicable thereto." Despite this stipulation the case proceeded with a jury trial. The plaintiffs offered evidence, and at the conclusion thereof, the defendant's motion for a directed verdict was denied. The defendant then introduced evidence, and at the close of all the evidence, the defendant's motion for a directed verdict was allowed.

The trial court entered a judgment finding detailed facts, making conclusions of law, allowing the defendant's motion for

a directed verdict and dismissing the three actions instituted by the plaintiffs.

From the judgment thus entered, the plaintiffs appealed.

*Joseph C. Reynolds for plaintiff appellants.*

*Clarence N. Gilbert for defendant appellee.*

CAMPBELL, Judge.

To say the least, the procedure in this case was unusual. After the parties had stipulated that the judge try the case without a jury, they then proceeded with a jury trial. A judgment was entered wherein the trial judge found facts and made conclusions of law as though there had been no jury trial and then allowed a motion for a directed verdict and dismissed the three actions. Thus, a combination trial was conducted, which is novel.

Despite the novel procedure, we do not find any error in the result obtained.

The stipulated facts and the uncontradicted evidence show:

1. Jackie Lee Weaver and Betty Farmer Weaver were married October 11, 1963 and on July 27, 1968 had three children.

2. Some two months before July 27, 1968, Betty Farmer Weaver and Jackie Lee Weaver separated and Betty Farmer Weaver moved into a two-bedroom trailer located on Edward Street in Black Mountain, North Carolina, with her three children. Jackie Lee Weaver paid the rent on the house trailer the first week but had not paid anything thereafter and on 27 July 1968 was not paying the rent or supplying any other support for his wife and children. Jackie Lee Weaver never lived with his wife in the trailer and was living in a different household. They did become reconciled and resumed living together in April 1971.

3. Betty Farmer Weaver owned a 1957 Chevrolet automobile which she had purchased in Hickory, North Carolina, shortly before moving to Black Mountain. The record title to the Chevrolet automobile recorded with the Commissioner of Motor Vehicles of the State of North Carolina was in the name of Betty Farmer Weaver. It was this vehicle which the defend-

ant insurance company had insured under an assigned risk policy, and Betty Farmer Weaver was the named insured in the policy.

4. The insurance policy issued by the defendant insurance company to Betty Farmer Weaver defined an insured, "[w]ith respect to the insurance for bodily injury liability and for property damage liability for unqualified word 'Insured' includes the name Insured and, if the named Insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named Insured or such spouse or with the permission of either."

5. During the two months prior to July 27, 1968, that Betty Farmer Weaver was living in the trailer in Black Mountain, she did not know where her husband Jackie Lee Weaver was living, and he was not a member of her household. He did not drive the automobile during that time and had never driven it as he had no driver's license, and Betty Farmer Weaver had told him he could not drive it.

6. On 27 July 1968 Jackie Lee Weaver went to the trailer where Betty Farmer Weaver was living, and while Betty Farmer Weaver was in one of the bedrooms, he took the keys to the automobile which were lying on a table in the living room. After taking the automobile keys he went out to the automobile which was on the street and drove off despite Betty Farmer Weaver's hollering at him not to take it. Betty Farmer Weaver went to her mother's home where there was a telephone and telephoned the North Carolina State Highway Patrol and reported the taking of her automobile. Jackie Lee Weaver thereafter was involved in an automobile wreck in which the three plaintiffs sustained their respective damages. At the time of the accident Jackie Lee Weaver had another woman in the automobile with him.

The trial judge found as a fact that on 27 July 1968 Jackie Lee Weaver and Betty Farmer Weaver were married, but on that date had been living separate and apart for about two months in different households; that on 27 July 1968 Jackie Lee Weaver took the 1957 Chevrolet automobile from the street near his wife, Betty Farmer Weaver's, residence without the owner's permission expressed or implied, contrary to the spe-

cific orders of the owner, and at the time of the accident with plaintiffs, Jackie Lee Weaver was not in lawful possession of said Chevrolet automobile.

The plaintiffs in their respective complaints alleged that Jackie Lee Weaver was an insured under the provisions of the policy issued by the defendant insurance company. This allegation was denied by the defendant.

> "In an action to recover under an insurance policy, the burden is on the plaintiff to allege and prove coverage. . . ." *Brevard v. Insurance Co.*, 262 N.C. 458, 137 S.E. 2d 837 (1964).

In the instant case the plaintiffs' allegations were all right, but their proof was lacking.

There was no evidence at all that Jackie Lee Weaver was driving the automobile with any permission of Betty Farmer Weaver. On the contrary he took the car and was driving it against her express orders not to do so.

Neither was there any evidence that Jackie Lee Weaver was a resident of the same household with Betty Farmer Weaver. "Resident" is a word with varying shades of meaning as pointed out in *Insurance Co. v. Insurance Co.*, 266 N.C. 430, 146 S.E. 2d 410 (1966). In every case, however, it requires some kind of abode. In the instant case Jackie Lee Weaver had no abode whatsoever with Betty Farmer Weaver in the trailer home where she was living and had been living for at least two months before the accident in question.

The plaintiffs failed to prove that Jackie Lee Weaver was an insured and had coverage under the terms of the insurance policy issued by the defendant.

The evidence supported the findings of fact made by the trial judge, and those findings of fact supported the conclusions of law, and the judgment dismissing the causes of action brought by the plaintiffs. The stipulated facts and the evidence, when viewed in the light most favorable to the plaintiffs did not present sufficient evidence to be submitted to the jury to sustain the plaintiffs' position; and, therefore, a directed verdict in favor of the defendant was appropriate.

We have reviewed the various assignments of error presented by the plaintiffs and do not find any merit in any of them.

Affirmed.

Chief Judge MALLARD and Judge BRITT concur.