HEINS TELEPHONE COMPANY v. GRAIN DEALERS MUTUAL INSURANCE COMPANY

No. 8111DC974

(Filed 15 June 1982)

1. Insurance § 105— sufficiency of complaint—placed defendant on notice of claim

Where plaintiff stated in its complaint that Gladys Dorsey was the wife of defendant's named insured and that defendant was obligated under the terms of the policy to pay the amount of plaintiff's judgment against Mrs. Dorsey, the allegations were sufficient to allow defendant to prepare its defense in which it alleged that Mrs. Dorsey was not a resident of her husband's household at the time of the accident.

**2. Insurance § 105— refusal to pay claim unwarranted—award of counsel fees proper**

> While the trial court properly awarded attorney fees under G.S. 6-21.1 after the jury verdict clearly established that defendant's refusal to pay an insurance claim had been unwarranted, plaintiff's attorney should have been entitled to additional compensation for his time and effort in defending against this appeal.

APPEAL by defendant from *Lyon, Judge.* Judgment entered 8 June 1981 in District Court, LEE County. Heard in the Court of Appeals 29 April 1982.

This is an action to recover damages from defendant insurance company based on a prior judgment against the alleged insured of defendant. The issue before the trial court, and the only real issue before this Court on appeal, is whether Gladys Dorsey, whose negligence caused plaintiff's damages in an automobile accident, is the insured of defendant. It is undisputed that the applicable policy of insurance, by its express terms, covered James Paul Dorsey and residents of his household. At the time of the accident, Mrs. Dorsey was the wife of James Paul Dorsey. The only issue of material fact before the trial court was whether Mrs. Dorsey was a resident of Mr. Dorsey's household at the time of the accident.

Plaintiff's evidence tended to show that Mrs. Dorsey had told a representative of plaintiff's insurer that she resided with her husband at the time of the accident. Mrs. Dorsey testified at trial, however, that she and Mr. Dorsey were having marital problems at the time of the accident and did not share a bedroom. She admitted preparing Mr. Dorsey's meals, and said he spent most of his time in his shop located behind the house. Mr. and Mrs. Dorsey had resumed living together at the time of trial.

Defendant's evidence tended to show that at the time of the accident Mr. Dorsey had been living for about two or three weeks in a trailer located on the same one acre lot as his wife's residence. He did not give Mrs. Dorsey permission to drive his vehicle and did not know she had taken it until notified of the accident by police. On cross-examination, Mr. Dorsey said he and his wife had separated and reconciled several times over a three year period and were presently living together.

The jury found that Mrs. Dorsey was a resident of her husband's household at the time of the accident. Judgment was accordingly entered against defendant for damages and attorney's fees. Defendant appeals and plaintiff cross-appeals.

*Staton, Perkinson and West, by Stanley W. West, for plaintiff appellee.*

*C. Christopher Smith for defendant appellant.*

ARNOLD, Judge.

[1] Defendant's first argument challenges the sufficiency of the complaint to place the defendant on notice as to the basis for the plaintiff's claim. We find this contention to be wholly without merit. Plaintiff stated in its complaint that Gladys Dorsey was the wife of defendant's named insured and that defendant was obligated under the terms of the policy to pay the amount of plaintiff's judgment against Mrs. Dorsey. These allegations were clearly sufficient to allow defendant to prepare its defense. Indeed, in a factually similar case cited by defendant this Court upheld a complaint which alleged only that the driver of a car "was an insured under the provisions of the policy issued by the defendant insurance company." *Marlowe v. Reliance Insurance Co.*, 15 N.C. App. 456, 460, 190 S.E. 2d 417, 419, *cert. denied* 282 N.C. 153, 191 S.E. 2d 602 (1972). Plaintiff here included considerably more detail in its complaint than that required by Marlowe.

Defendant's second assignment of error is that the trial court improperly denied summary judgment. Plaintiff established through its complaint and requests for admission, however, that there were triable issues of fact as to whether Gladys Dorsey was insured by defendant by virtue of her relationship to defendant's named insured, or her lawful possession of her husband's automobile. Summary judgment was properly denied.

As its next assignment of error, defendant argues that it was entitled to a directed verdict because plaintiff was not the real party in interest in the original action, plaintiff's existence was not proven by the evidence, and plaintiff suffered no damage. These arguments amount to a collateral attack on the original judgment against Gladys Dorsey, the correctness of which has no relevance to this appeal.

Defendant has made numerous other assignments of error in its appeal. We have reviewed all of these and found them to be so feckless as to merit no comment by this Court. We have concluded that the court committed no prejudicial error, that the jury verdict was supported by the evidence presented at trial, and that the trial court properly entered judgment consistent with this verdict and the prior determination of damages.

[2] Finally, defendant's argument that the court abused its discretion in awarding counsel fees under G.S. 6-21.1 is without merit since the jury verdict clearly established that defendant's refusal to pay the claim had been unwarranted. Indeed, we consider the trial court's award of counsel fees at a rate of $20 per hour to have been extremely low. While we do not find that the award was so inadequate as to constitute an abuse of discretion, we feel strongly that plaintiff's attorney should be entitled to additional compensation for his time and effort in defending against this appeal. Authority to award additional attorney's fees for an appeal has been held to fall within the purview of G.S. 6-21.1. *Hill v. Jones*, 26 N.C. App. 168, 215 S.E. 2d 168 (1975). Accordingly, we remand this cause for the limited purpose of allowing the District Court, in its discretion, and upon plaintiff's motion, to make findings of fact relevant to a determination of reasonable attorney's fees for services rendered on appeal and to enter an award consistent with those findings.

The judgment is

Affirmed and remanded in part.

Judges VAUGHN and MARTIN (Robert M.) concur.