JAMES EUGENE WILSON, JEANNETTE WILSON by her guardian ad litem, RONALD J. SHORT, and CHRISTOPHER WILSON by his guardian ad litem, RONALD J. SHORT v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 45PA89

(Filed 29 August 1990)

1. **Insurance § 87 (NCI3d) — automobile liability insurance — wife's policy — husband living in same household — insured driver**

   The evidence was sufficient to support a jury finding that the driver of an automobile involved in a collision was a resident of the same household as his wife where it showed that the driver told the investigating officer on several occasions in his wife's presence without denial by her that his residence was at his wife's address, and the wife gave this address for her husband when reporting the accident, notwithstanding there was other evidence that the parties were separated and living apart at the time of the accident. Therefore, the husband was covered by the wife's automobile liability policy under the provisions of N.C.G.S. § 20-279.21(b)(3)b without regard to whether he had the wife's permission to drive her automobile.

   **Am Jur 2d, Automobile Insurance §§ 189, 247.**

2. **Insurance § 87 (NCI3d) — automobile liability insurance — wife's policy — husband living in same household — reasonable belief of entitlement to drive**

   The driver of an automobile owned by his wife who resides in the same household as his wife cannot be excluded from coverage under the wife's automobile liability policy by a provision of the policy excluding coverage for a person using the automobile "without a reasonable belief that [he] is entitled to do so" since the exclusion of the driver for that reason would conflict with the statute providing that a spouse of a policyholder living in the same household is a person insured. N.C.G.S. § 20-279.21(b)(3)b.

   **Am Jur 2d, Automobile Insurance §§ 189, 247.**

WILSON v. STATE FARM MUT. AUTO. INS. CO.

[327 N.C. 419 (1990)]

**3. Insurance § 100 (NCI3d) — automobile liability insurance — insurer's failure to defend insured — payment over policy limits not required**

Defendant automobile liability insurer's refusal to defend plaintiffs' claim against its insured did not entitle plaintiffs to recover from the insurer damages which exceeded the policy limits where plaintiffs were not damaged by defendant insurer's failure to defend in that such failure did not put plaintiffs in a worse position than if the insurer had defended the claim.

**Am Jur 2d, Automobile Insurance § 389.**

ON discretionary review of the decision of the Court of Appeals, 92 N.C. App. 320, 374 S.E.2d 446 (1988), affirming a judgment entered by *Freeman, J.,* in the Superior Court, FORSYTH County on 16 November 1987. Heard in the Supreme Court 9 October 1989.

This is a civil action to determine which of the two defendant insurance companies is liable to the plaintiffs for damages the plaintiffs recovered from Eddie Darrell Fields. The plaintiffs were injured in a collision between an automobile in which they were riding and an automobile being driven by Fields. Fields was driving an automobile owned by his wife which was covered by a liability policy issued by North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau). The policy limits were $25,000 per person and $50,000 per occurrence. State Farm Mutual Automobile Insurance Company (State Farm) covered the plaintiffs for uninsured and underinsured motorists with policy limits of $50,000 per person and $100,000 per occurrence.

The plaintiffs brought an action against Fields and his wife. Farm Bureau defended the claim against the wife but refused to defend the claim against Fields. The claim against the wife was dismissed. After this dismissal, Fields, who was not represented by counsel, settled the cases against him by consenting to judgments awarding $35,000 to James Eugene Wilson, $5,000 to Jeannette Wilson, and $11,000 to Christopher Wilson. Both insurance companies refused to pay these judgments.

The plaintiffs brought this action for a determination as to which of the two insurance companies is liable. The plaintiffs alleged that Fields was in lawful possession of his wife's automobile at the time of the accident and he was a resident of the same

## WILSON v. STATE FARM MUT. AUTO. INS. CO.

[327 N.C. 419 (1990)]

household as his wife at the time of the accident. The plaintiffs introduced testimony by George F. Purvis, a police officer for the City of Winston-Salem who investigated the accident. Mr. Purvis testified that at that time he arrested Fields for driving while impaired. He testified without objection that Fields told him his address was 2916 Hondo Drive, which was the address of Fields' wife. Mr. Purvis testified that two days after the accident Fields and his wife came to the police station and Fields told him he was staying with his wife. He testified that neither Fields nor his wife told him Fields did not have permission to drive her automobile. Mr. Purvis testified that he wrote the address of Fields on several forms as 2916 Hondo Drive and neither Fields nor his wife gave a different address. Shirley Griffin, who worked for Farm Bureau, testified that she took an automobile loss notice from Fields' wife and it showed Fields' address as 2916 Hondo Drive.

Mr. Fields testified that he and his wife had separated two or three months before the accident and that he was not living with her at the time of the accident. He testified further that he did not have a driver's license at the time of the accident and that he did not receive his mail at 2916 Hondo Drive. He testified he did not have any clothes at that address. He said that he came to his wife's house in the late evening before the date of the accident and she agreed to let him sleep on the couch because he had been drinking. He had done this on previous occasions. His wife left with their child that morning and he found the keys to her automobile. He drove the automobile without his wife's permission, first to a store and then to a friend's house where he drank some alcoholic beverages. He was driving the automobile back to his wife's house when the accident occurred. He said he told the officer his address was 2916 Hondo Drive because he did not want to be charged with stealing an automobile.

Mrs. Fields testified that she and her husband were separated at the time of the accident. She testified further that her husband did not have permission to drive her automobile. She said she let him in her home because he had been drinking. She testified that he spent the night after the accident at her house. She testified that she told the officer that her husband did not have permission to drive her automobile but the question of her having him prosecuted for stealing the automobile "never came up."

The court submitted two issues to the jury. The first issue was whether Eddie Darrell Fields had permission to drive his wife's automobile, and the second was whether he was a resident of the same household as his wife at the time of the accident. The jury answered both issues in the affirmative.

The court entered a judgment in which it found that Eddie Darrell Fields was covered by his wife's liability policy with Farm Bureau, that Farm Bureau breached its contract by wrongfully failing to defend Fields, and that Farm Bureau's failure to defend was unjustified and in bad faith regardless of any mistaken belief that the claim was outside the policy coverage. The court entered judgment against Farm Bureau for $51,000. The Court of Appeals affirmed and we allowed discretionary review.

*William Z. Wood for plaintiff appellees.*

*Hutchins, Tyndall, Doughton & Moore, by Richard Tyndall and Laurie L. Hutchins, for defendant appellee State Farm Mutual Automobile Insurance Company.*

*Petree Stockton & Robinson, by Richard J. Keshian, for defendant appellant North Carolina Farm Bureau Mutual Insurance Company.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates, for National Association of Independent Insurers, amicus curiae.*

*Smith Helms Mulliss & Moore, by Douglas W. Ey, Jr. and L. D. Simmons, II, for Royal Insurance Company of America, Jefferson-Pilot Fire & Casualty Company, North Carolina Association of Defense Attorneys and American Insurance Association, amici curiae.*

WEBB, Justice.

Defendant first argues that there was not sufficient evidence to submit either of the issues to the jury. N.C.G.S. § 20-279.21(b)(2) provides in part:

> (b) Such owner's policy of liability insurance:
>
> . . . .
>
> > (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied

> permission of such named insured, or any other persons in lawful possession, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle[.]

N.C.G.S. § 20-279.21(b)(3)b provides in part:

> For purposes of this section "persons insured" means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either[.]

If Fields was driving his wife's vehicle with the permission of his wife or was a resident of the same household with his wife, he was covered by his wife's policy. Farm Bureau argues that there was not sufficient evidence that Fields was driving the motor vehicle with the permission of his wife or that he was residing in the same household with her to submit either issue to the jury. As to the issue of Fields' driving with his wife's permission, Farm Bureau, relying on *Bailey v. Insurance Co.*, 265 N.C. 675, 144 S.E.2d 898 (1965), and *Ins. Co. of North America v. Aetna Life & Casualty Co.*, 88 N.C. App. 236, 362 S.E.2d 836 (1987), *rev. denied*, 321 N.C. 743, 366 S.E.2d 860 (1988), argues that the evidence showed Mr. Fields' wife had specifically forbidden him from driving her automobile. It also argues that there was no course of conduct by Mr. Fields from which permission to drive the automobile could be inferred. As to the issue of Fields' residency in the same household with his wife, Farm Bureau, relying on *Marlowe v. Insurance Co.*, 15 N.C. App. 456, 190 S.E.2d 417, *cert. denied*, 282 N.C. 153, 191 S.E.2d 602 (1972), argues that all the evidence shows that Fields had moved from the home and had not lived there for several months.

[1]   We hold that the evidence that Fields several times told the officer, including occasions in which his wife was present without denial by her, that his residence was 2916 Hondo Drive, which was his wife's address, together with his wife's giving this address for her husband when reporting the accident, is sufficient evidence for the residency issue to go to the jury. Farm Bureau argues that this does not resolve the question of coverage under the policy. It says residency does not satisfy the requirements for lawful possession set forth under the policy. Farm Bureau does not cite any authority for this proposition. The plain words of the statute say a person insured includes the spouse of an insured living in the

same household. The question of lawful possession does not arise when an automobile is driven by a spouse of the insured who lives in the same household. The driver is then a person insured. *See Heins Telephone Co. v. Grain Dealers Mutual Ins. Co.*, 57 N.C. App. 695, 292 S.E.2d 281 (1982); *Insurance Co. v. Allison*, 51 N.C. App. 654, 277 S.E.2d 473 (1981).

[2] Farm Bureau also argues that although Fields may have been a resident of the same household as his wife, he is excluded under the policy provision which excludes coverage for any person using the automobile "without a reasonable belief that [he] is entitled to do so." Farm Bureau says that all the evidence shows Fields could not have had a reasonable belief that he was entitled to drive the automobile, and he is excluded from coverage by the terms of the policy. The provisions of N.C.G.S. § 20-279.21 are written into every automobile policy as a matter of law, and, when the terms of the policy conflict with the statute, the provisions of the statute will prevail. *Insurance Co. v. Chantos*, 293 N.C. 431, 238 S.E.2d 597 (1977); *Insurance Co. v. Casualty Co.*, 283 N.C. 87, 194 S.E.2d 834 (1973). To exclude Fields from coverage under the policy because he did not have a reasonable belief that he was entitled to drive the automobile would conflict with the statutory provision of the policy that a spouse of the policyholder living in the same household is a person insured.

Because we have held that Fields was covered by the policy as a spouse living in the household of the policyholder, we do not pass on the question of whether he was driving with the permission of his wife.

[3] The next question presented is whether the plaintiffs may recover from Farm Bureau damages which exceeded the liability coverage for the Fields. We hold that they may not. Farm Bureau argues that the plaintiffs are not parties to the insurance contract between Farm Bureau and the Fields. Relying on authority from other jurisdictions, *Scroggins v. Allstate Ins. Co.*, 74 Ill. App. 3d 1027, 393 N.E.2d 718 (1979); *Bean v. Allstate Ins. Co.*, 285 Md. 572, 403 A.2d 793 (1979), and *Moradi-Shalal v. Firemen's Fund Ins. Co.*, 250 Cal. Rptr. 116, 758 P.2d 58 (1988), Farm Bureau says the plaintiffs have no claim for a breach of this contract.

The purpose of compulsory motor vehicle liability insurance is to compensate victims who have been injured by financially irresponsible motorists, and in some cases the injured party has

WILSON v. STATE FARM MUT. AUTO. INS. CO.

[327 N.C. 419 (1990)]

a claim against the motorists' insurance carrier. *Insurance Co. v. Chantos*, 293 N.C. 431, 238 S.E.2d 597; *Proctor v. N.C. Farm Bureau Mutual Ins. Co.*, 324 N.C. 221, 376 S.E.2d 761 (1989). In this case we do not find it necessary to determine whether the plaintiffs, although they are not parties to the insurance contract, may proceed against Farm Bureau. We hold that the plaintiffs were not damaged by the failure of Farm Bureau to defend Fields. If Farm Bureau had defended the claim against Fields and the plaintiffs had recovered more than the policy limits, the plaintiffs could not have recovered this excess from Farm Bureau. The failure to defend did not put the plaintiffs in a worse position than if Farm Bureau had defended Fields. If it had any effect, the failure of Farm Bureau to defend should have helped the plaintiffs gain a recovery. Plaintiffs were not damaged by this failure to defend.

This is not the same as a case in which a carrier wrongfully refuses to defend its insured or wrongfully refuses to settle the claim and damages are recovered against the insured in excess of the coverage. In such a case the insured has been damaged and has a claim against the insurer. *Thomas v. Insurance Co.*, 277 N.C. 329, 177 S.E.2d 286 (1970); *Lumber Co. v. Insurance Co.*, 173 N.C. 269, 91 S.E. 946 (1917). The plaintiffs in this case were not damaged by Farm Bureau's failure to defend or settle. The two cases upon which the Court of Appeals relied to sustain the judgment against the defendant, *Indiana Lumbermen's Mutual Ins. Co. v. Champion*, 80 N.C. App. 370, 343 S.E.2d 15 (1986), and *Ames v. Continental Casualty Co.*, 79 N.C. App. 530, 340 S.E.2d 479, *disc. rev. denied*, 316 N.C. 730, 345 S.E.2d 385 (1986), involved actions by the insured. They have no application to this case.

For the reasons stated in this opinion we affirm that part of the opinion of the Court of Appeals which holds that Farm Bureau is liable for damages within its policy limits. We reverse that part of the opinion of the Court of Appeals which holds Farm Bureau is liable for payment in excess of its coverage. We remand for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.