**WILSON v. STATE FARM MUT. INS. CO.**

[329 N.C. 262 (1991)]

JAMES EUGENE WILSON, JEANNETTE WILSON, by her guardian ad litem, Ronald J. Short, and CHRISTOPHER WILSON, by his guardian ad litem, Ronald J. Short v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 45PA89

(Filed 12 June 1991)

**Insurance § 87 (NCI3d) — automobile insurance — coverage of policy-holder's spouse — prior opinion — reliance on improper statute withdrawn**

That part of the prior opinion in this case which relies upon the definition of "persons insured" in N.C.G.S. § 20-279.21(b)(3)b in determining that a driver was covered by an automobile liability policy as a spouse living in the household of the policyholder is withdrawn.

**Am Jur 2d, Automobile Insurance § 283.**

ON defendant-petitioner North Carolina Farm Bureau Mutual Insurance Company's petition for rehearing pursuant to Rule 31(a) of the North Carolina Rules of Appellate Procedure. Reheard in the Supreme Court 15 March 1991.

*Hutchins, Tyndall, Doughton & Moore, by Richard Tyndall and Laurie L. Hutchins, for defendant State Farm Mutual Automobile Insurance Company.*

*Petree Stockton & Robinson, by Richard J. Keshian, for defendant-petitioner North Carolina Farm Bureau Mutual Insurance Company.*

PER CURIAM.

In this declaratory judgment action we held in *Wilson v. State Farm Mut. Auto. Ins. Co.*, 327 N.C. 419, 394 S.E.2d 807 (1990), that North Carolina Farm Bureau Mutual Insurance Company was liable to the plaintiff on a liability insurance policy it had issued to Fannie Porch Fields, the wife of Eddie Darrell Fields. Eddie Darrell Fields was driving his wife's automobile when he negligently injured the plaintiffs. The trial court submitted the issues of residence and lawful possession to the jury, and both issues were answered in the affirmative. This Court concluded that the evidence

**WILSON v. STATE FARM MUT. INS. CO.**

[329 N.C. 262 (1991)]

was sufficient to support the jury finding that Eddie Darrell Fields was a resident of the same household as his wife at the time he was involved in the accident. We held that this made him a person insured under N.C.G.S. § 20-279.21(b)(3)b.

Farm Bureau petitioned for a rehearing "for the purpose of correcting a very specific and limited error of fact and law, rather than for the purpose of affecting the Court's ultimate conclusion." We allowed this petition on 8 November 1990.

On the rehearing of this matter, both Farm Bureau and State Farm contend that this Court erroneously relied upon the definition of "persons insured" in N.C.G.S. § 20-279.21(b)(3)[1] in determining that Fields was covered by the policy as a spouse living in the household of the policyholder. Farm Bureau was the appealing party to this Court from the Court of Appeals' affirmance of the trial court's determination that the evidence was sufficient to submit to the jury and support its verdict finding that Mr. Fields was a resident of the same household as his wife and was in lawful possession of her automobile. In its petition for rehearing, in its brief upon rehearing, and in oral argument before this Court, Farm Bureau admitted that it sought only to correct the Court's reliance on § 20-279.21(b)(3)b and not to affect this Court's ultimate conclusion. We treat Farm Bureau's position before this Court on rehearing as a waiver of any argument that the evidence was insufficient to support the jury's verdict. We withdraw that part of our opinion reported at 327 N.C. at 422-24, 394 S.E.2d at 809-11, which interprets N.C.G.S. § 20-279.21(b)(3)b, but we reaffirm the result reached in our original decision that Farm Bureau is liable for damages

---

1. The reference to the statute found at 327 N.C. at 423, 394 S.E.2d at 810, is "N.C.G.S. § 20-279.21(b)(3)b." However, upon closer analysis, we are convinced that the paragraph cited is not a part of subpart b. of subdivision (3) which sets out certain provisions relating to uninsured motorist insurance which are by law made a part of the policy of bodily injury liability insurance even though not set out in the policy. The paragraph at issue is one of five paragraphs under subdivision (3) of subsection (b) relating to the requirements for uninsured motorist coverage to be offered in the owner's policy of liability insurance. We also note that three of these five paragraphs use the word "section" as follows: "Provided under this section . . ." in the first paragraph; "For the purpose of this section . . . " in the fourth paragraph; and "For purposes of this section . . ." in the fifth paragraph. While it would appear that the word "section" in each of these three paragraphs relates to subdivision (3) which relates to uninsured motorist coverage and not to the entire statute, it is clear that the entire statute needs to be rewritten by the General Assembly so as to avoid further confusion.

within its policy limits but not liable for payment in excess of its coverage. The remainder of our original decision reported at 327 N.C. 419, 394 S.E.2d 807, which reverses that part of the opinion of the Court of Appeals holding Farm Bureau liable for payment in excess of its coverage and remanding for further proceedings, remains undisturbed and authority as the law of the case.

The decision of the Court of Appeals is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.