TAYLOR v. N.C. FARM BUREAU MUT. INS. CO.

[181 N.C. App. 343 (2007)]

━━━━━━━━

BRENTON ERIC TAYLOR, Plaintiff v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC. d/b/a N.C. FARM BUREAU MUTUAL INSURANCE CO., Defendant

No. COA06-321

(Filed 2 January 2007)

**Insurance— automobile—liability—entitlement to recovery in excess of insurance policy**

The trial court did not err in a breach of contract case arising out of a personal injury action by dismissing under N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiff's action against defendant insurer to recover a judgment entered against its insured in excess of the insurance policy on the grounds that the insurer in bad faith refused to settle plaintiff's original claim and failed to protect its insured from an excess verdict because: (1) a plaintiff who is not insured under an insurance policy and who cannot evidence damage caused by the insurer may not recover damages from the insurer which exceed the liability coverage for the insured; (2) plaintiff's privity with defendant and status as a third-party beneficiary to the insurance policy existed only until defendant satisfied its contractual obligations to the extent of the insurance policy provisions; and (3) plaintiff's legal grounds established that he did not seek recovery from defendant for

alleged misconduct against him, but rather, for defendant's alleged misconduct against its own insured.

Appeal by plaintiff from judgment entered 15 December 2005 by Judge Knox Jenkins in Superior Court, Johnston County. Heard in the Court of Appeals 31 October 2006.

*Jerome P. Trehy, Jr., Twiggs, Beskind, Strickland & Rabenau, P.A., Attorney for plaintiff-appellant Brenton Eric Taylor.*

*Walter E. Brock, Jr., Young Moore and Henderson P.A., for defendant-appellee North Carolina Farm Bureau Mutual Insurance Company, Inc.*

WYNN, Judge.

Our Supreme Court has held that a plaintiff who is not insured under an insurance policy, and who cannot evidence damage caused by the insurer, may not recover from the insurer damages which exceed the liability coverage for the insured.[1] Here, Plaintiff brought a claim against the insurer to recover a judgment entered against its insured in excess of the insurance policy. Under established case law, we must uphold the trial court's dismissal of this action.

This matter arose following the trial of a personal injury action against Christie Flowers Gachuz, the insured of Defendant Farm Bureau Mutual Insurance Company. After the jury awarded Plaintiff compensatory damages of $968,140 plus interest and costs, Farm Bureau paid $100,000 plus interest to Plaintiff—the liability coverage limit under the insured's policy.

Unable to collect the unpaid principal and accrued interest in excess of $1.4 million from the insured, Plaintiff sought to obtain the assistance of the insured in obtaining additional funds from Farm Bureau on grounds that it, in bad faith, refused to settle Plaintiff's original claim and failed to properly protect the insured from an excess verdict. The insured apparently refused to cooperate; so Plaintiff brought this direct action against Farm Bureau.

Rejecting Plaintiff's claims, the trial court dismissed with prejudice Plaintiff's complaint against Farm Bureau. N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2005).

---

1. *Wilson v. State Farm Auto. Ins. Co.*, 327 N.C. 419, 424, 394 S.E.2d 807, 811 (1990), *reh'g granted*, 327 N.C. 644, 399 S.E.2d 133 (1990), *withdrawn in part, aff'd in part*, 329 N.C. 262, 404 S.E.2d 852 (1991).

TAYLOR v. N.C. FARM BUREAU MUT. INS. CO.

[181 N.C. App. 343 (2007)]

On appeal, Plaintiff contends that dismissal of his complaint under Rule 12(b)(6) was improper "because the complaint stated a valid cause of action for breach of contract." However, Plaintiff's privity with Farm Bureau and status as a third-party beneficiary to the insurance policy existed only until Defendant satisfied its contractual obligations to the extent of the insurance policy provisions. Upon paying out the limits of the policy, Farm Bureau fulfilled its contractual obligations and thus, Plaintiff ceased to have privity with Farm Bureau. Accordingly, Plaintiff cannot maintain a breach of contract action against Farm Bureau under the facts of this matter. *See Wilson v. State Farm Auto. Ins. Co.*, 327 N.C. 419, 424, 394 S.E.2d 807, 811 (1990), *reh'g granted*, 327 N.C. 644, 399 S.E.2d 133 (1990), *withdrawn in part, aff'd in part*, 329 N.C. 262, 404 S.E.2d 852 (1991); *Wilson v. Wilson*, 121 N.C. App. 662, 667, 468 S.E.2d 495, 498 (1996).

Notwithstanding the dispositive holdings of *Wilson v. State Farm Auto* and *Wilson v. Wilson*, Plaintiff argues:

> This case cries out for justice. We have a young judgment-debtor with a wholly unnecessary and perfectly avoidable judgment against her, a brain-damaged, permanently disabled and emotionally tortured judgment-creditor who was wrongfully forced to try his claims, and an elderly mother who has to work to support her grown son. Normally, a judgment-debtor faced with a massive excess judgment would cooperate with a judgment-creditor in such pathetic circumstances. What happens if she does not cooperate? What happens if the judgment-debtor not only declines to cooperate, she turns on the counsel for the judgment-creditor and complains to the North Carolina State Bar when he tried to contact her.

Thus, Plaintiff contends that he is entitled to recover from Farm Bureau the cost of litigating the case as well as the unpaid balance of the underlying judgment. However, in light of the holdings of *Wilson v. State Farm Auto* and *Wilson v. Wilson*, this Court must reject Plaintiff's contention that his complaint sufficiently alleges a cause of action against Farm Bureau on the grounds that it in bad faith refused to settle Plaintiff's original claim, and failed to properly protect its insured from an excess verdict.

Moreover, this Court's holding in *Murray v. Nationwide Mut. Ins. Co.*, 123 N.C. App. 1, 472 S.E.2d 358 (1996), affords Plaintiff no relief. In that case we found privity between the plaintiff and the tortfeasor's insurer and allowed an excess policy coverage claim for

unfair and deceptive trace practices based on the insured's post judgment behavior towards the plaintiff. In this case, Plaintiff's legal grounds establish that he does not seek recovery from Farm Bureau for alleged misconduct against him, but rather, for Farm Bureau's alleged misconduct against its own insured. As such, *Murray* is inapplicable to this matter.

In sum, we uphold the trial court's dismissal of Plaintiff's action under Rule 12(b)(6).

Affirmed.

Judges HUDSON and STEPHENS concur.

The judges participated and submitted this opinion for filing prior to 1 January 2007.