I am aware that it will be said the case of Brown v. Lutterloh, ante, 556, from Hillsborough, bears some analogy to this. That was where the ouster was laid anterior to the time when the demise was stated to have been made. That case was determined upon the authority of Adams v.Goose, Cro. Ja., 96, and Swimmer v. Grovesnor, cited in Bul, Ni. Pri. (and rightly, too, in my opinion). There the court could form a perfect declaration by rejecting what was laid under a scilicet, for by rejecting what was laid under that as surplusage, and making the preceding word "afterwards" relate to the time when the demise was stated to have been made, all was sensible and right, and so was the judgment of the court of Brown v. Lutterloh, supra. Compare this case with those cited; is there nay part of this declaration which can be rejected, so as to supply the defect and make it sensible? Does it appear on any part of it that the plaintiff has or ever had title to the possession? For the least, entry and ouster, though fictions, are not matters of form; they are contemplated to exist, and whenever it appears that they cannot, and consequently do not, the plaintiff cannot recover. The case of Baker v.Cole, from Burr., 1159, which was also insisted on at the trial below, may deserve a further notice. That was an impossible (579) date, the pleadings were of Hilary term, the first of George the III; the demise was stated to have been made the 30th of May, in the 33d year of his said majesty, and the ouster afterwards. By examining when the pleadings were made up, and that all these things must have taken place previous thereto; that no 30th day of May antecedent could have been in the reign of the then king; by applying these things secundamsubjectam materiam, the whole could be rectified; and a further difference that there was a sensible though mistaken date.
But I have not been able to find a single case where an improbable date was held good in a declaration, except, perhaps, where it was laid under a scilicet. It is worthy, further, to remark that this certainty in the commencement of the demise (and consequently must be stated with the same) gives birth to its common appellation of term; it is its certain commencement, and certain ending, which circumscribes and terminates it. And Mr. Blackstone, in 2 vol. of his Commentaries, page 143, lays *Page 490 
it down that every estate by whatever words created, that has a certain commencement and certain ending, is an estate for years, and, therefore, is frequently styled a "term" from Terminus, and that every lease for years, which has not a certain beginning and certain ending, is void. It was hinted on the argument below, that the demise in a declaration of ejectment is different from a lease for years; but a little inquiry only will be necessary to convince us of the inaccuracy of such a doctrine. I will only revert to my argument on the history of the action, and only ask the method which is to be used to recover unoccupied premises; there the things are actually done, which in the present from exist only in contemplation, and the same kind of lease in the action to recover unoccupied premises is supposed to exist or to have been made, which is actually sealed and delivered in the other case. If, then, a declaration is served without any statement of demise, would a plaintiff be entitled to judgment? Then a demise state, which is not certain in (580) itself, and cannot be certain by anything on the face of the proceedings when examined by the settled rules of law, is void and of no account. It is laid down in Runnington, 90, and 1 Vent., 137; 1 Mod., 180, cited, that where the limitation in the demise is wholly uncertain, it is void, and plaintiff cannot have judgment; it is admitted, however that in the cases cited, the declaration was held good, but they prove the principle laid down by Runnigton. If on the trial of ejectment it should appear that no demise was stated, could the court permit the plaintiff to state one? They could not; and this proven by the authority of Baker v. Cole, before cited, where it is expressly ruled that the court cannot aid a defective title. But in no case whatever has it ever been held that the court would amend a total want of title. Let this question be asked: suppose a joint lease should be stated, and upon examination the lessors appear to be tenants in common, would the court permit the plaintiff to amend? If in neither of these cases they would, it must hen follow of course that the demise is something more than matter of form. When a perfect and complete demise is stated, the enlarging that, is only creating a larger estate, and not creating a thing which did not exist before; if then the lease turns out not to be matter of form but the plaintiff's title, it follows, of course, that it is not cured on the score of form.
But with regard to its being now considered as if upon a motion to amend, I contend that it is not the light it should be considered in; it does not follow that because the court would have amended, that the verdict would cure, for I trust I have already shown that if the verdict had such effect the motion to amend would be in all cases useless. Then, this not being matter of form, but really of substance, is not cured by *Page 491 
the verdict, unless the court are left to presume that what is omitted was proven on the trial. In the whole course of the trial no question is made as to the making the lease, the defendant takes the plaintiff according to this own statement. No proof in such case could be received, and in truth the jury are never impaneled upon the demise. We, surely then, are not left at liberty to presume that which (581) never could have happened. From an inspection of the proceedings, it appears judicially to the court that such proof could not have happened, and, therefore, you cannot presume, it. The first cases wherein such verdicts cure the declaration, that suggests itself to me, is the case of a declaration for a cheat which must be laid with a scienter was when a verdict has passed on a declaration not laid in that manner, the court will not disturb it, because they will presume that the scienter was proven, otherwise the plaintiff could not have obtained a verdict.
There is on the face of the declaration an unexpired term. The declaration is after the form of one by original, and mentions that Hogg demised the premises for the term of ten years, unexpired and to come.
The verdict shows that a sufficient existing lease was admitted or the plaintiff could not have obtained it. The term is a mere fiction, for the court compels the defendant to admit it. The term is a mere fiction, for the covered, it would have been amended. After verdict the court overlooks the exception.
The court will intend anything to make good the verdict — it will presume a sufficient demise admitted to the jury.
The date is immaterial, if no date it would take effect from the delivery, and this will be presumed. No particular day of the entry or ouster need be mentioned. The date of demise seems, therefore, immaterial. 2 Stra., 1011, 1109, 1012; 2 Bur., 1160; Esp., 444, 445; 2 Bur., 665, 1159, 1161, 1162; 16 and 17 Car., ch. 8.
There is no title whatever stated in the plaintiff's declaration, no ground where on the court can presume an entry after the lease, and an ouster after the entry, or an unexpired term at the commencement of the lease. Therefore, the judgment is arrested.
NOTE. — See Brown v. Lutterloh, ante, 556. *Page 492 
(582)