RUTH BAIN GURTIS AND SARAH M. BALLARD v. CITY OF SAN-FORD AND SOUTHERN NATIONAL BANK OF NORTH CAROLINA, TRUSTEE U/W OF SARAH K. MANESS

No. 7311DC270

(Filed 27 June 1973)

1. Rules of Civil Procedure § 52— allowance of motion to dismiss — entry of judgment on merits

Although the court allowed defendants' motion to dismiss in a nonjury trial, the effect of the court's action was to enter judgment on the merits where the court made findings of fact as provided in G.S. 1A-1, Rule 52(a), and concluded that plaintiffs are not entitled to recover anything from either defendant.

2. Landlord and Tenant § 14— ten-year lease — absence of holding over

In an action to recover rent allegedly due on property leased by defendant city for use as a parking lot, the evidence was sufficient to support the court's determination that defendant city did not hold over at the termination of its ten-year lease of the property but merely left its meters on the property pending negotiations with respect to purchasing the property and that defendant bank, acting as trustee for plaintiffs, acquiesced until negotiations terminated.

APPEAL by plaintiffs from Morgan, Judge, 5 September 1972 Civil Session of District Court held in LEE County.

In their amended complaint, filed 15 May 1972, plaintiffs allege in pertinent part as follows:

Plaintiffs, residents of the State of Ohio, are the owners of a life estate in a lot of land located on Carthage Street in

the City of Sanford, N. C. Said land was devised to defendant bank as trustee for plaintiffs. Pursuant to a court order, defendant bank, by lease agreement dated 7 September 1960, leased said land to defendant city for a term of ten years, beginning 7 September 1960. The lease provided that defendant city would pay $125 monthly rental and taxes on the property. The lease also gave defendant city the option to purchase the property at the end of the ten years for the sum of $25,000, provided defendant city notified lessor of its desire to exercise the option at least fifteen days prior to the expiration date of the lease. At the expiration of the lease, defendant city continued to "hold over" and to use the property as a parking lot, collecting income from parking meters thereon until May of 1971. Defendant city is entitled to pay rent on the property until 7 September 1971, the ten years covered by the lease and for one year "held over." For the eleven years, defendant city should pay 132 payments of $125 each but has paid only 127 payments. Defendant city has also failed to pay 1971 taxes due Lee County and defendant city. Plaintiffs prayed judgment that would require defendant city to pay $898.91 and require defendant bank to receive said funds and account to plaintiffs for the same.

Following a nonjury trial, the court entered judgment finding as facts, among others, that defendant city did not hold over and continue to possess the premises after 7 September 1970 and that defendant city has paid defendant bank all rents and other charges due to be paid under or by virtue of the lease, and concluded that plaintiffs were not entitled to recover anything. Plaintiffs appealed.

*Adams, Lancaster, Seay, Rouse & Sherrill by Basil Sherrill for plaintiff appellants.*

*Lowry M. Betts for City of Sanford, defendant appellee.*

*Jimmy L. Love for Southern National Bank of North Carolina, Trustee, defendant appellee.*

BRITT, Judge.

By two assignments of error, plaintiffs contend the court erred (1) in allowing defendant city's motion to dismiss at the close of all the evidence and (2) in signing and entering the judgment.

[1]   The record reveals that when plaintiffs rested their case, defendants moved to dismiss but the court overruled their mo-

tions; that after defendant city rested its case, it renewed its motion to dismiss and the motion was allowed. However, in its judgment the court made findings of fact as provided in G.S. 1A-1, Rule 52(a), based upon the evidence, concluded that plaintiffs are not entitled "to recover anything from the defendants, or either of them," and adjudged that plaintiffs recover nothing from either defendant.

We hold that the effect of the court's action was to enter judgment on the merits rather than dismiss the case and that being true, the only assignment of error to be considered is that the court erred in signing and entering the judgment. In *Morris v. Perkins,* 11 N.C. App. 152, 180 S.E. 2d 402 (1971), cert. den. 278 N.C. 702, we quoted from the case of *Fishing Pier v. Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968), as follows: "This sole assignment of error to the signing of the judgment presents the face of the record proper for review, but review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form."

In the case at bar, while we hold that error of law does not appear on the face of the record proper, the facts found or admitted support the judgment, and the judgment is regular in form, we will proceed further and answer plaintiffs' argument that there was a "holding over" as a matter of law.

[2] The principle of law applicable here appears to be well stated in Webster's *Real Estate Law in North Carolina,* as follows:

> (§ 65, p. 79.) "Every estate which by the terms of its creation must expire at a period certain and prefixed by whatever words created, is an estate for years. An estate for years arises from a contract whereby a tenant is to have the right to possession of lands or tenements for some determinate period. Whether the term be for a hundred years, or for only one year, or for a month or week or day even, still the estate of the lessee is termed in law an 'estate for years.' "

\* \* \*

> (§ 78, p. 90.) "When a tenant holds over, the landlord has the initial option to treat the tenant who holds over as a trespasser and may eject him. If the landlord recognizes

the tenant, however, by accepting rent, a presumption arises that a tenancy from year to year is intended and the law creates a tenancy from year to year between the parties under the same terms and conditions of the previously existing lease for years so far as the same may be applicable.

This presumption of a tenancy from year to year is rebuttable, however, and will yield to an actual intention of the parties not to create such a tenancy. For instance, the fact that a tenant has been compelled to continue in possession of necessity due solely to his sickness or by reason of the sickness of some member of his family, making removal dangerous or impracticable, or pending negotiation of a new lease wherein the landlord acquiesces in the tenant's remaining in possession until the matter is determined, will rebut the presumption that a tenancy from year to year was intended."

See also *Murrill v. Palmer,* 164 N.C. 50, 80 S.E. 55 (1913).

The evidence in the case at bar was sufficient to rebut the presumption of a tenancy from year to year following the ten years lease period. A question of fact was presented and the court, sitting as a jury, resolved the question in favor of defendant city. Mr. Harris, who served as defendant city's manager during 1970 and 1971, testified: In the summer of 1970 he was aware of the option to purchase but did not think the property was worth $25,000. At that time he began negotiating with defendant bank with respect to a lower figure and continued negotiations until May of 1971. Prior to 7 September 1970, the city "bagged" the meters it had placed on the property and exercised no control over the property after 7 September 1970 except to remove the meters shortly after May of 1971. He felt defendant city had a moral obligation to pay rent through May of 1971 and on his recommendation, the city council authorized a final rental payment of $1,125.

Plaintiffs' evidence showed that "the family" erected a barricade around the lot in August of 1971. Defendant bank presented no testimony but the evidence disclosed that it filed a final account on 2 August 1971 showing receipt of $1,125 from defendant city on 3 June 1971 and disbursement of that amount. The evidence further tended to show that defendant bank attempted to resign as trustee because of "differences" with plaintiffs over the subject property.

Defendant city's contention that it did not hold over but merely left its meters on the property pending negotiations with respect to purchasing the property, and that defendant bank, acting as trustee for plaintiffs, acquiesced until negotiations terminated is fully supported by the evidence.

The judgment appealed from is

Affirmed.

Judges HEDRICK and VAUGHN concur.