NATIONWIDE MUTUAL INSURANCE COMPANY v. JANET K. ALLISON, GARY ROBERT ALLISON, LESLIE NORMAN CHURCH, FRED MICHAEL BARBER, BOBBIE DIANNE PANGLE AND DAVID L. PANGLE

No. 8025SC524

(Filed 5 May 1981)

1. **Declaratory Judgment Act § 10– declaratory judgment – appellate review**

The trial court's findings of fact in a declaratory judgment are conclusive if supported by any competent evidence, and a judgment supported by such findings will be affirmed even though there is evidence which might sustain findings to the contrary and even though incompetent evidence may have been admitted.

2. **Insurance § 87– automobile liability insurance – spouse of person named in policy – resident of same household – permission of spouse to drive vehicle**

In a declaratory judgment action involving an automobile liability insurance policy which provided that "named insured" included the spouse of the individual named in the policy if "a resident of the same household," the evidence supported the trial court's determination that the wife of the owner of the insured automobile was a resident of the same household with the owner at the time the automobile was involved in a collision in New Mexico and was thus a "named insured" under the policy where there was evidence that the owner's wife, her boyfriend, and three friends were on their way to Arizona in the insured automobile when the accident occurred; the owner and his wife were living together when the wife departed on the trip to Arizona; subsequent to her departure from North Carolina, the wife still considered her residence to be her "home" with her husband in North Carolina; the owner continued to consider his wife to be a member of his household; and the wife in fact resumed her residence with her husband upon her return to North Carolina. Furthermore, the trial court properly found that the boyfriend, who was operating the automobile with the permission of the owner's wife at the time of the accident, was an insured under the policy in that he was a person using the automobile with the permission of the named insured and within the scope of such permission.

APPEAL by plaintiff from *Riddle, Judge.* Judgment entered 19 March 1980 in Superior Court, CALDWELL County. Heard in the Court of Appeals 4 December 1980.

Plaintiff filed a complaint pursuant to the Uniform Declaratory Judgment Act, G.S. 1-253 *et seq.,* seeking construction of provisions of a policy of automobile liability insurance with reference to an accident. The complaint alleged the following:

Plaintiff had entered a contract of automobile liability insurance with defendant, Gary Robert Allison, covering a 1971

Ford Mustang automobile which he owned. The policy covered Gary Allison as "named insured" and "any resident of the same household" together with "any other person using such automobile with the permission of the named insured, provided his actual operation or . . . his other actual use thereof is within the scope of such permission."

On 22 May 1977, while the policy was in effect, the automobile was involved in an accident in New Mexico. At the time the car was being driven by defendant Leslie Norman Church; and the defendants Janet K. Allison, Fred Michael Barber, Bobbie Dianne Pangle and David L. Pangle were passengers. Plaintiff alleged "that some or all of the defendants contend or may contend that the plaintiff's policy . . . provides various coverages for Leslie Norman Church and Janet K. Allison in regard to the . . . accident." It further alleged that defendant Fred Michael Barber had filed a civil action against Church and Janet Allison on 18 January 1978 for injuries allegedly sustained as a proximate result of the accident.

Evidence in the record included the following:

The Allisons had been married for almost three years at the time of the accident. They had experienced domestic difficulties just prior to the accident and had separated briefly on two occasions. They were living together when Janet Allison departed on the trip to New Mexico, however; and they had never been separated overnight. Gary Allison described the brief separations as "cooling-off" periods.

Janet Allison had become acquainted with defendant Church when she went to work at a textile plant. She and Church "had dated each other or gone places together . . . on quite a few occasions." Defendants Fred Michael Barber and Bobbie Dianne Pangle had been present on several occasions when Janet Allison and Church were together. Janet Allison described these occasions as "more or less a double-dating sort of situation."

On 18 May 1977 Janet Allison, Church, Barber and Bobbie Dianne Pangle were together in the 1971 Ford Mustang automobile which was titled to Gary Allison. Church indicated he was going to Arizona, and the others agreed to go along. They also took with them defendant David L. Pangle, the minor son

of defendant Bobbie Dianne Pangle. The group stayed in motels en route. Janet Allison and Church stayed together and had sexual relations at both stops on the trip.

The accident occurred 22 May 1977 in New Mexico while Church was driving. Janet Allison testified that Church never drove the car without her permission and that he had her permission to drive at the time.

Gary Allison did not hear from his wife from the time she left home until he was called regarding the accident. He went to New Mexico and stayed with her until she was well enough to return to their home in North Carolina. At the time their depositions were taken the Allisons were living together and had a four month old daughter.

The court found as facts that the policy covered Gary Allison as "named insured"; that the definition of "named insured" included the individual named as well as his spouse, if the spouse was a resident of the same household; that Janet Allison was the spouse of Gary Allison and was a resident of the same household when the policy was issued and had continuously remained such since then; that Church was operating the automobile with the permission of Janet Allison; and that at the time of the accident the policy was in full force and effect. It concluded as a matter of law that Janet Allison was a "named insured" under the policy; that Church was an insured in that he was a person using the automobile with the permission of the named insured and within the scope of such permission; that plaintiff afforded coverage to Janet Allison and Church for the accident in the full amounts stated in the policy; and that plaintiff "shall be liable to the defendants" for any damages resulting from the accident up to the policy limits. It thereupon ordered that plaintiff afford coverage to Allison and Church concerning the accident, and that plaintiff "is liable" to defendants for any damages sustained therein.

From this judgment, plaintiff appeals.

*Robert R. Gardner, and Patrick, Harper and Dixon, by Stephen M. Thomas, for plaintiff appellant.*

*Donald T. Robbins for defendant appellee Fred Michael Barber.*

*No brief filed for defendant appellees Janet K. Allison, Gary Robert Allison, Leslie Norman Church, Bobbie Dianne Pangle and David L. Pangle.*

WHICHARD, Judge.

[1] The parties stipulated that the case might be heard by the court without a jury. They thereby waived a jury trial and empowered the court to resolve any issues of fact which were raised, a procedure authorized by G.S. 1-262. The orders, judgments, and decrees of a court under the Declaratory Judgment Act "may be reviewed as other orders, judgments and decrees." G.S. 1-258. The statute "provides for review under the same rules that apply in cases not brought pursuant to the act." *Dickey v. Herbin,* 250 N.C. 321, 325, 108 S.E. 2d 632, 635 (1959). The rule thus applicable is that the court's findings of fact are conclusive if supported by any competent evidence; and a judgment supported by such findings will be affirmed, even though there is evidence which might sustain findings to the contrary, and even though incompetent evidence may have been admitted. *Williams v. Insurance Co.,* 288 N.C. 338, 218 S.E. 2d 368 (1975); *Transit, Inc., v. Casualty Co.,* 285 N.C. 541, 206 S.E. 2d 155 (1974); *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm.,* 279 N.C. 313, 182 S.E. 2d 373 (1971); *Anderson v. Insurance Co.,* 266 N.C. 309, 145 S.E. 2d 845 (1966); *Church v. Church,* 27 N.C. App. 127, 218 S.E. 2d 223 *cert. denied* 288 N.C. 730, 220 S.E. 2d 350 (1975). The function of our review is, then, to determine whether the record contains competent evidence to support the findings; and whether the findings support the conclusions.

A certified copy of the policy of insurance is part of the record. The policy reflects its issuance by the plaintiff to the defendant Gary Allison. It further reflects that it covered the automobile involved; that its effective dates covered a period which included the date of the accident; and that it covered the defendant Gary Allison as "named insured." "Named Insured" was defined therein as "the individual named in the declarations and also ... his spouse, if a resident of the same household." The policy described the "Persons Insured" as including "(1) the Named Insured and any resident of the same household, [and] (2) any other person using such automobile with the permission of the Named Insured, provided his actual opera-

tions or ... his other actual use thereof is within the scope of such permission." The facts found with regard to the policy itself are apparent from the face of the record and clearly merit sustention.

[2] After finding that by definition the phrase "named insured" included the spouse of the individual named if "a resident of the same household," the court found that Janet Allison was the spouse of Gary Allison and was a resident of the same household "when the contract of automobile liability insurance was written and ... continuously ... since [it] was written." The record contains plenary evidence to sustain the finding that the Allisons were married at the time in question. Both spouses testified to the marriage; no contrary evidence was offered; and plaintiff takes no exception to this finding. Plaintiff does except, however, to the finding that Janet Allison was a resident of Gary Allison's household. It contends that she ceased to be such when she departed on the ill-fated frolic of her own. The record, however, contains competent evidence from which the trial court could find as it did, evidence to the contrary notwithstanding.

Janet Allison testified that her purpose in going to Arizona was "[j]ust to go." She testified that she did not discuss "going out there and ... starting life all over again." At the time she left she did not have any plans one way or the other about coming back. When she got to Texas, though, she "was ready to *come back home.*" She "was just about getting ready to give up and *come home.*" She "was just wanting to stop and stay or *come back home* or something." On one occasion she told the defendant Bobbie Dianne Pangle that she "would like to *go back home.*"[1] Further, Gary Allison testified as follows:

Q. Was she a member of your household at that time?

A. Yes sir.

The evidence recited indicates that the defendant Janet Allison, subsequent to her departure from North Carolina, still considered her residence to be her "home" with the defendant Gary Allison. It further indicates that the defendant Gary Alli-

---

[1]Emphasis supplied *passim.*

son continued to consider her a member of his household. Other evidence indicates that Janet Allison in fact resumed her residency with Gary Allison upon her return. We find this evidence sufficient to support the trial court's finding that Janet Allison was a resident of the same household with Gary Allison at the time of the accident; and the trial court's finding to that effect must therefore be sustained.

The trial court further found that Janet Allison gave Church permission to operate the automobile. Janet Allison had testified: "Mike and Les never drove this car without my permission. Mr. Church had my permission at the time this accident happened." Thus this finding, too, is supported by the evidence; and it, too, must be sustained.

The facts found support the conclusion that Janet Allison, as a resident of the same household with Gary Allison, was a "named insured"; and that Church, as a permittee of a named insured, driving the automobile within the scope of the permission, was an "Insured" under the terms of the policy.[2] The order that plaintiff's policy provides coverage to the defendants Janet Allison and Church for such liability as may be established resulting from the accident thus properly declared the "rights, status, and other legal relations"[3] of the parties resultant upon the facts found and conclusions entered. The judgment of the trial court is therefore

Affirmed.

Judges HEDRICK and CLARK concur.

---

[2]*See generally* Annot., 93 A.L.R. 3d 420 (1979) (who is "resident" or "member" of same "household" or "family" as named insured). *See also Marlowe v. Ins. Co.*, 15 N.C. App. 456, 190 S.E. 2d 417 *cert. denied* 282 N.C. 153, 191 S.E. 2d 602 (1972).

[3]G.S. 1-253.