KEVIN D. BUCHANAN, EXECUTOR OF THE ESTATE OF KELLY BUCHANAN AND GUARDIAN OF THE PROPERTY OF TIFFANY HOPE BUCHANAN, A MINOR; KEVIN DAVID BUCHANAN, INDIVIDUALLY; AND CHRISTOPHER BUCHANAN, INDIVIDUALLY, PLAINTIFFS V. TERESA HAGY BUCHANAN, DEFENDANT

No. COA09-1085

(Filed 7 September 2010)

**1. Wills— plain language unambiguous—no error**

The trial court did not err in concluding that defendant received from decedent's will an estate for years in decedent's house, defendant had exclusive possession of the house, and plaintiffs received a vested remainder in the same property. The plain language of the will was unambiguous.

**2. Wills— motion for new trial—properly denied—plain language unambiguous**

The trial court did not abuse its discretion in denying plaintiffs' motion for a new trial in a wills case as the trial court properly found that the terms of the will were unambiguous.

Appeal by plaintiffs from orders entered on 28 December 2006 and 13 April 2009 by Judge W. Erwin Spainhour in Superior Court, Cabarrus County. Heard in the Court of Appeals 10 February 2010.

*Ferguson, Scarbrough, Hayes, Hawkins & DeMay, P.A. by James R. DeMay, for plaintiffs-appellants.*

*M.T. Lowder & Associates, by Mark T. Lowder, for defendant-appellee.*

STROUD, Judge.

Kevin D. Buchanan, individually, as executor of the estate of Kelly Buchanan, and as guardian of the property of Tiffany Hope Buchanan, a minor, and Christopher Buchanan, individually, (collectively referred to as "plaintiffs") appeal from a trial court's order declaring that Teresa Hagy Buchanan ("defendant") received an "estate for years" from decedent's will and an order denying plaintiffs' motion for a new trial. For the following reasons, we affirm the trial court's orders.

I. Background

Kelly Buchanan ("decedent") died testate on 9 September 2005. Decedent was survived by his wife, defendant Teresa Hagy Buchanan, and his three children, plaintiffs Kevin Buchanan, Christopher Buchanan, and Tiffany Buchanan, a minor. Tiffany Buchanan, born 12 May 1992, is the only child from decedent's marriage to defendant. Plaintiffs are decedent's adult children from a prior marriage.

On 27 July 2004, decedent executed his "Last Will and Testament[.]" Upon decedent's death, his "Last Will and Testament" was filed for probate with the Superior Court, Cabarrus County. On 21 November 2005, plaintiffs filed suit in Superior Court, Cabarrus County, seeking a declaratory judgment regarding plaintiffs' and defendant's rights to decedent's residence. Plaintiffs alleged that following decedent's death, defendant moved into his residence at 5750 Flowe Store Road, in Concord, North Carolina, with her adult daughter, despite the terms of decedent's will and plaintiffs' objections. Plaintiffs specifically requested the court to determine (1) whether defendant

was "barred from dissenting to the Will of [decedent] pursuant to N.C.G.S. § 31A et al[;]" (2) whether defendant had "the right to allow an adult daughter to live on the premises owned by [plaintiffs;]" and (3) defendant's rights to the residence located at 5750 Flowe Store Road, Concord, Cabarrus County, North Carolina pursuant to Article II of decedent's "Last Will and Testament." On 9 January 2006, defendant filed an answer to plaintiffs' complaint. On 28 December 2006, the trial court entered an order on these matters, finding, *inter alia,*

> 6. That the Defendant Teresa Hagy Buchanan received an Estate for years by the Last Will and Testament of Kelly Buchanan. Such interest runs until May 12, 2012 (Tiffany Buchanan's 20th birthday). The interest may be terminated earlier provided Tiffany Buchanan is 18 years or older and graduates from high school.

> 7. That the Defendant has an exclusive possessory right to the house and lot at 5750 Flowe Store Road, Concord, Cabarrus County, North Carolina. The right to possession includes everything properly appurtenant to, essential or reasonable necessary to the full beneficial use and enjoyment of the property.

> 8. That Kelly Christopher Buchanan, Kevin David Buchanan and Tiffany Hope Buchanan hold a vested remainder interest in the property. Their possessory right to the property begins at the termination of the Defendant's Estate for years.

The trial court went on to order that defendant had received an estate for years from decedent's will; defendant had exclusive possessory right to the subject property during the term of her interest; and plaintiffs held a vested remainder in the subject property.[1]

On 8 January 2007, plaintiffs filed a motion for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(7) and (9), arguing that the verdict entered by the trial court was contrary to law and not supported by the evidence. Plaintiffs' primary argument was that it was not decedent's intention in his will to give defendant exclusive possessory rights in the subject property, where decedent's children—plaintiffs—had been residing at the time of decedent's death, but instead it was decedent's intention to only to give defendant a "right to live in the

---

1. The trial court entered an order on 24 April 2006 holding that defendant was barred from taking an elective share in decedent's estate, and that order is not a subject of this appeal.

home." By order entered 13 April 2009, the trial court denied plaintiffs' motion. On 11 May 2009, plaintiffs filed notice of appeal from the trial court's 28 December 2006 declaratory judgment order and 13 April 2009 order denying their motion for a new trial.

## II. Declaratory Judgment

Plaintiffs first contend that "the trial court committed reversible error in finding that defendant received an estate for years under the last will and testament of Kelly Buchanan." Plaintiffs contend that there is an ambiguity in decedent's will. Plaintiffs argue that to resolve this ambiguity the court must consider the extrinsic circumstances surrounding the execution of the will "to effectuate [decedent's] intent and interpret the will according to this intent." Plaintiffs contend that "the only result supported by the four corners of the will and the attendant circumstances is that [decedent] desired that defendant be allowed to remain in the home and serve as a mother-figure for the minor daughter until the minor became an adult." Plaintiffs contend that although defendant may live in the home to "serve as a mother-figure," she may not allow any person of her choosing other than Tiffany to live in the home, although plaintiffs may also live with defendant in the home if they so desire. Plaintiffs conclude that "[a]ll that was conveyed unto defendant by the will was the simple privilege for defendant to live in the home, not some exclusive possessory interest such as an estate for years."

## A. Standard of Review

This Court has held that under the Uniform Declaratory Judgment Act, "the court's findings of fact are conclusive if supported by any competent evidence; and a judgment supported by such findings will be affirmed, even though there is evidence which might sustain findings to the contrary[.]" *Nationwide Mut. Ins. Co. v. Allison*, 51 N.C. App. 654, 657, 277 S.E.2d 473, 475, *disc. review denied*, 303 N.C. 315, 281 S.E.2d 652 (1981). Thus, "[t]he function of our review is, then, to determine whether the record contains competent evidence to support the findings[] and whether the findings support the conclusions." *Id.* The trial court's conclusions of law are reviewable *de novo. Cross v. Capital Transaction Grp., Inc.*, 191 N.C. App. 115, 117, 661 S.E.2d 778, 780 (2008) (citation omitted), *disc. review denied*, 363 N.C. 124, 672 S.E.2d 687 (2009).

## B. Decedent's Will

[1] Our Supreme Court has held that "[t]he authority and responsibility to interpret or construe a will rest solely on the court. Its objective is to ascertain the intent of the testator, as expressed in the will, when he made it." *Wachovia Bank & Trust Co. v. Wolfe*, 243 N.C. 469, 473, 91 S.E.2d 246, 250 (1956) (citation omitted). An established rule of will construction is

> "that the intention of the testator is the polar star which is to guide in the interpretation of all wills, and, when ascertained, effect will be given to it unless it violates some rule of law, or is contrary to public policy." *Clark v. Connor*, 253 N.C. 515, 520, 117 S.E.2d 465, 468 (1960). *Pittman v. Thomas*, 307 N.C. 485, 299 S.E.2d 207 (1983), stated the well established rule:
>
>> "The will must be construed, 'taking it by its four corners' and according to the intent of the testator as we conceive it to be upon the face thereof and according to the circumstances attendant." *Patterson v. McCormick*, 181 N.C. 311, 313, 107 S.E. 12 (1921). In referring to the "circumstances attendant" we mean "the relationships between the testator and the beneficiaries named in the will, and the condition, nature and extent of [the testator's] property." *Trust Co. v. Wolfe*, 243 N.C. 469, 473, 91 S.E.2d 246, 250 (1956).

*Pittman*, 307 N.C. at 492-93, 299 S.E.2d at 211. *Hollowell v. Hollowell*, 333 N.C. 706, 712, 430 S.E.2d 235, 240 (1993). However, "[i]f the terms of a will are set forth in clear, unequivocal and unambiguous language, judicial construction is unnecessary[.]" *Morse v. Zatkiewiez*, 5 N.C. App. 242, 246, 168 S.E.2d 219, 223 (1969). (citing 1 *Wiggins*, Wills and Administration of Estates in N. C., § 132, pp. 396, 397, and cases therein cited); *see Wachovia*, 243 N.C. at 474, 91 S.E.2d at 250 ("the attendant circumstances [of the will] are to be considered where the language is ambiguous, or of doubtful meaning." (citation and quotation marks omitted)).

The relevant portions of decedent's will state:

ARTICLE II

After complying with the prior provisions of this my LAST WILL AND TESTAMENT, I hereby direct that my wife, TERESA HAGY BUCHANAN, shall have the right to live in my house and lot located at 5750 Flowe Store Road, Concord, Cabarrus County, North Carolina 28025, until such time as my daughter, TIFFANY

HOPE BUCHANAN, attains the age of eighteen (18) (not to exceed twenty (20) years of age) and is graduated from high school.

. . . .

ARTICLE IV

After complying with the prior provisions of this my LAST WILL AND TESTAMENT, I hereby will, devise and bequeath all of my property of every sort, kind and description, both real and personal, equally unto my children, KELLY CHRISTOPHER BUCHANAN, KEVIN DAVID BUCHANAN, and TIFFANY HOPE BUCHANAN, share and share alike, to have and to hold the same, absolutely and forever.

I specifically and intentionally make no further provisions for my wife, TERESA HAGY BUCHANAN, other than hereinabove provided.

. . . .

ARTICLE V

If my daughter, TIFFANY HOPE BUCHANAN, is a minor as defined by the laws of the State of North Carolina at the time of my death, I hereby appoint KEVIN DAVID BUCHANAN, my son, guardian of the person and property of said minor child, and said guardian shall have exclusive control of the person, custody, care, and property of said minor child. I direct that no bond or other undertaking be required of said guardian for the performance of the duties of such office.

This Court has held that "[e]very estate which by the terms of its creation must expire at a period certain and prefixed by whatever words created, is an estate for years." *Gurtis v. Sanford*, 18 N.C. App. 543, 545, 197 S.E.2d 584, 586 (1973) (quoting *Webster's Real Estate Law in North Carolina*, § 65, p. 79); *King v. Foscue*, 91 N.C. 116, 119-20 (1884) ("an estate for years," is defined as, "an estate for a definite period of time[.]"); *Nokes v. Shaw*, 1 N.C. 576, 579 (1803) ("every estate by whatever words created, that has a certain commencement and certain ending, is an estate for years"). The tenant in an estate for years has the right to possession and enjoyment of the property conveyed "in the absence of anything in the deed indicating a contrary intention, [and] carries with it everything properly appurtenant to, that is, essential or reasonably necessary to the full beneficial use and

enjoyment of the property conveyed." *Rickman Mfg. Co. v. Gable*, 246 N.C. 1, 15, 97 S.E.2d 672, 681 (1957). "An estate is vested when there is either an immediate right of present enjoyment or a present fixed right of future enjoyment." *Joyner v. Duncan*, 299 N.C. 565, 569, 264 S.E.2d 76, 82 (1980) (citation omitted). "A vested remainder is a present fixed right in the remainderman to take possession upon the natural termination of the preceding estate with no conditions precedent imposed on the time for the remainder to vest in interest." *Id.* (citing *Chas. W. Priddy & Co. v. Sanderford*, 221 N.C. 422, 424, 20 S.E.2d 341, 343 (1942) (stating that a "remainder is vested, when, throughout its continuance, the remainderman and his heirs have the right to the immediate possession whenever and however the preceding estate is determined; or, in other words, a remainder is vested if, so long as it lasts, the only obstacle to the right of immediate possession by the remainderman is the existence of the preceding estate; or, again, a remainder is vested if it is subject to no condition precedent save the determination of the preceding estate.")).

Here, Article II of decedent's will directs that defendant "shall have the right to live in my house . . . until such time as my daughter, TIFFANY HOPE BUCHANAN, attains the age of eighteen (18) (not to exceed twenty (20) years of age) and is graduated from high school." As the plain language of decedent's will is "clear, unequivocal, and unambiguous" we need not apply "judicial construction" or look to "the attendant circumstances" to determine decedent's intent. *Morse*, 5 N.C. App. at 246, 168 S.E.2d at 223; *Wachovia*, 243 N.C. at 474, 91 S.E.2d at 250. Article II of decedent's will sets forth a certain period that defendant's "right to live" in the subject property must expire, which is the date when Tiffany Buchanan has attained the age of 18 and graduated from high school, but not beyond age twenty. Therefore, defendant received an estate for years from decedent's will in the subject property. *See Gurtis*, 18 N.C. App. at 545, 197 S.E.2d at 586.

Plaintiffs argue that the fact that decedent's will made a "testamentary recommendation" of plaintiff Kevin Buchanan as guardian of the person and property of Tiffany demonstrates an intent to grant plaintiff Kevin Buchanan the right to live in the home with Tiffany. *See* N.C. Gen. Stat. § 35A-1225 (2005). We note that N.C. Gen. Stat. § 35A-1225 provides that a parent may make a recommendation for guardianship of a minor child upon a parent's death, although this recommendation would only become relevant if defendant were to abandon Tiffany or to die while Tiffany is still a minor. *See* N.C. Gen.

Stat. § 35A-1220 (2005). However, we see no provision in Chapter 35A, Article 6 which would indicate that a guardianship recommendation also confers a right for the potential guardian to reside in the same home with the minor child, particularly when the child is still in the care of her natural guardian, her mother.

Article IV states that decedent devises "all of [his] property of every sort, kind and description, both real and personal, equally unto [plaintiffs]," which would include decedent's house at "5750 Flowe Store Road." We hold that this portion of decedent's will is also unambiguous. *Morse*, 5 N.C. App. at 246, 168 S.E.2d at 223; *Wachovia*, 243 N.C. at 474, 91 S.E.2d at 250. Decedent could not bequest a present possessory estate to any other person in the subject property, as Article II of his will had already given an estate for years to defendant in the subject property. However, decedent's will does give a present fixed right to plaintiffs in the subject property as remaindermen. Also, there are no conditions or obstacles to plaintiffs' immediate possession following the natural termination of defendant's preceding estate for years. Therefore, by the terms of the decedent's will, plaintiffs received a vested remainder in the subject property. *See Joyner*, 299 N.C. at 569, 264 S.E.2d at 82; *Chas. W. Priddy & Co.*, 221 N.C. at 424, 20 S.E.2d at 343. Accordingly, we overrule plaintiffs' arguments.

Plaintiffs also contend that the phrase "the right to live in my home" in Article II of decedent's will is ambiguous when considered with "the language in Article IV where [decedent] specifically and intentionally makes no further provisions for defendant." (Emphasis in original.) However, although decedent's will says it makes "no further provisions for defendant[,]" the will did previously make "provision for defendant" by the present possessory interest of an estate for years in the subject property. Therefore, when Article IV is read in context with Article II, decedent's will merely specifies that beyond the estate for years in the subject property, decedent "specifically and intentionally [made] no further provisions" for defendant in his will. Therefore, plaintiffs' argument is overruled. We hold that the evidence supports the trial court's findings and those findings support the trial court's conclusions that defendant received from decedent's will an estate for years in decedent's house, defendant has exclusive possession, and plaintiffs received a vested remainer in the same property. *Nationwide Mut. Ins. Co.*, 51 N.C. App. at 657, 277 S.E.2d at 475. Accordingly, we affirm the trial court's declaratory judgment.

### III. Motion for a New Trial

**[2]** Plaintiffs also contend that the trial court abused its discretion in denying plaintiffs' motion for a new trial pursuant to Rule 59(a)(7) and (9). The standard of review for denial of a N.C. Gen. Stat. § 1A-1, Rule 59 (2005) motion is well-settled:

> According to Rule 59, a new trial may be granted for the reasons enumerated in the Rule. By using the word may, Rule 59 expressly grants the trial court the discretion to determine whether a new trial should be granted. Generally, therefore, the trial court's decision on a motion for a new trial under Rule 59 will not be disturbed on appeal, absent abuse of discretion.

*Greene v. Royster*, 187 N.C. App. 71, 77-78, 652 S.E.2d 277, 282 (2007) (citations, quotation marks, brackets, and footnote in original omitted). Plaintiffs argue that the trial court's findings were insufficient as there was "no evidence, either from the four corners of the will or the attendant circumstances, to support a finding that [decedent] intended for defendant to possess the 5750 Flowe Store Road property to the exclusion of plaintiff Kevin Buchanan[,]" and "[t]he trial court failed to make any finding relating to the intent of [decedent] or the attendant circumstances surrounding the execution of the will." (Emphasis in original.)

As stated above, the Court need not look to the "the attendant circumstances" to determine decedent's intent "if the terms of a will are . . . clear, unequivocal and unambiguous[.]" *Morse*, 5 N.C. App. at 246, 168 S.E.2d at 223. We have already determined that the trial court properly found that the language of the will was unambiguous. Therefore, plaintiffs' argument is overruled. Accordingly, we hold the trial court did not abuse its discretion in denying plaintiffs' motion for a new trial.

### IV. Conclusion

We affirm the trial court's declaratory judgment holding that defendant received from decedent's will an estate for years in the subject property, that her possessory right during the estate for years is exclusive, and plaintiffs received from decedent's will a vested remainder in the subject property. We also affirm the trial court's denial of plaintiffs' motion for a new trial.

AFFIRMED.

Judges BRYANT and ELMORE concur.