MURPHY, Judge.
 

 *357
 
 This case involves a general warranty deed conveying a life estate to the grantors' children and a future interest to certain of the grantors' grandchildren. One of the grantors' grandchildren, Linnie Price Rutledge, and her husband, brought this action, seeking a declaratory judgment as to their rights and interest in the subject property and an injunction prohibiting Defendants from transferring any ownership interest they have in the property.
 

 Based on the language of the deed at issue, the trial court concluded that Plaintiff Linnie Price Rutledge and Defendant Lisa Viele Feher both hold a contingent remainder interest in the property. Further, the trial court concluded that the class of grandchildren will not close and cannot be determined until the death of Helen Viele Price, nor can the individuals in which the remainder interest vests be determined until the death of Helen Viele Price.
 
 [1]
 
 After careful review, we affirm the trial court's decision.
 

 *358
 

 Background
 

 C.E. Viele and his wife Margaret Viele (collectively, the "Vieles") owned land in Jackson County (the "Property"). They had four children together: Dwight Allen Viele ("Dwight"), Charles E. Viele, Jr. ("Charles"),
 
 [2]
 
 Richard E. Viele ("Richard"), and Helen Viele Price ("Ms. Price"). The Vieles also had several grandchildren. Dwight had four children: Dwight Viele, Jr., David Viele, Sr., Terry Viele Skinner, and Lisa Viele Feher ("Lisa").
 
 [3]
 
 Richard had two children: Debra Viele and Richard Viele, Jr.
 
 [4]
 
 Ms. Price had one child: Linnie Price Rutledge ("Linnie").
 

 On 12 October 1983, the Vieles executed a North Carolina General Warranty Deed (the "Deed") to the Property in which they retained a life estate for themselves and conveyed a life estate to their four children as well as a fee simple remainder interest to their grandchildren. In pertinent part, the precise language of the Deed reads:
 

 That [the Vieles] ... have given, granted, bargained, sold and conveyed and by these presents do hereby give, grant, bargain, sell and convey unto [Dwight, Ms. Price, Charles, and Richard], subject to the exceptions,
 
 *808
 
 reservations and restrictions, if any, and together with any rights-of-way, if any, hereinafter state, a life estate,
 
 said life estate to continue until the death of the last survivor of the four above-named children; and upon the death of the last of the four above-named children, fee simple title is to vest in our grandchildren, the living issue of the four above-named children
 
 , all of that certain piece, parcel or tract of land, situate[d], lying and being in Jackson County, North Carolina, but reserving, however, unto Grantors, a Life Estate in said lands....
 

 (Emphasis added).
 

 *359
 
 At the time of execution of the Deed, all seven of the named children and grandchildren were alive. According to Appellants' brief, C.E. Viele died in 1987 and Margaret Viele died in 2002.
 

 Linnie and her husband, Charles Rutledge, (collectively, "Plaintiffs") commenced this action on 24 November 2014, seeking declaratory judgment and injunctive relief. Specifically, Plaintiffs sought a declaration of the parties' respective rights and obligations in the Property pursuant to the Deed, and they contended that "they are the persons with who[m] title vests upon the passing of Helen Viele Price." Accordingly, they requested that the trial court enjoin Defendants from transferring any ownership rights or interest in the Property. At the time, Ms. Price was the only living child of the Vieles, and Linnie and Lisa were their only living grandchildren. David Viele, Jr., Lisa Viele Adams, Beau Skinner, and Bridgett Skinner Otero were living great-grandchildren of the Vieles.
 

 Plaintiffs filed an amended complaint on 18 February 2015, adding several parties not involved in the instant appeal.
 
 [5]
 
 In March of 2015, Ms. Price conveyed her life estate interest to Linnie. On 15 October 2015, Defendants David Viele, Jr., and his wife, Rachel Viele, Beau Skinner and his wife, Josefina Skinner, and Bridgett Skinner Otero (collectively, "Appellants") and husband, Jehiell Otero, filed an answer. The remaining Defendants did not respond and default judgments were entered against them.
 

 The matter was scheduled for a non-jury trial and the participating parties entered 20 stipulations of fact to narrow the issues before the trial court. After considering the pleadings, stipulations, and the Deed, the trial court concluded:
 

 1. Lisa Viele Feher and Linnie Price Rutledge each hold a contingent remainder interest in the subject property.
 

 2. The class of grandchildren will not close and cannot be determined until the death of Helen Viele Price.
 

 *360
 
 3. The individuals in which the remainder interest vests cannot be established until the death of Helen Viele Price.
 

 Appellants timely appealed.
 

 Analysis
 

 Appellants raise three issues on appeal: (1) whether the trial court erred in determining Linnie and Lisa hold a contingent remainder interest in the Property rather than a vested remainder subject to open or partial divesture; (2) whether the trial court erred in determining that the class of grandchildren cannot be determined until the death of Ms. Price; and (3) whether the trial court erred in determining that the individuals in which the remainder interest vests cannot be determined until the death of Ms. Price. As each of these issues overlap, we discuss them collectively.
 

 We review a judgment entered after a non-jury trial to determine "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment."
 
 Sessler v. Marsh
 
 ,
 
 144 N.C. App. 623
 
 , 628,
 
 551 S.E.2d 160
 
 , 163,
 
 disc. review denied
 
 ,
 
 354 N.C. 365
 
 ,
 
 556 S.E.2d 577
 
 (2001) ). In the instant case, neither party disputes the findings of fact made by the trial court, and, accordingly, they are binding on
 
 *809
 
 appeal.
 
 Cape Fear River Watch v. N. Carolina Envntl. Mgmt. Cmm'n
 
 ,
 
 368 N.C. 92
 
 , 99,
 
 772 S.E.2d 445
 
 , 450 (2015) (quotation omitted). "Conclusions of law are reviewed de novo and are subject to full review."
 
 State v. Biber
 
 ,
 
 365 N.C. 162
 
 , 168,
 
 712 S.E.2d 874
 
 , 878 (2011) ;
 
 see also
 

 Carolina Power & Light Co. v. City of Asheville
 
 ,
 
 358 N.C. 512
 
 , 517,
 
 597 S.E.2d 717
 
 , 721 (2004) ("Conclusions of law drawn by the trial court from its findings of fact are reviewable de novo on appeal." (emphasis omitted)).
 

 The outcome of the instant matter hinges on interpreting the language of the Deed, and therefore our analysis is rooted in the canons of construction outlined by our state's jurisprudence. In construing written conveyances of property, the court ultimately endeavors to determine and effectuate the intent of the parties based on the written language they used.
 
 Strickland v. Jackson
 
 ,
 
 259 N.C. 81
 
 , 83,
 
 130 S.E.2d 22
 
 , 24 (1963) ;
 
 see also
 

 Mercer v. Downs
 
 ,
 
 191 N.C. 203
 
 , 205,
 
 131 S.E. 575
 
 , 576 (1926) (holding that "the intent of the testator is paramount"). Explained more broadly by our Supreme Court nearly a century ago:
 

 Whatever the technicalities of the law may formerly have required in the construction of deeds, the modern doctrine does not favor the application of such technical rules as
 
 *361
 
 will defeat the obvious intention of the grantor-not the unexpressed purpose which may have existed in his mind, of course, but his intention
 
 as expressed in the language he has employed
 
 ; for it is an elementary rule of construction that the intention of the parties shall prevail, unless it is in conflict with some unyielding canon of construction or settled rule of property, or is repugnant to the terms of the grant.
 
 Such intention as a general rule must be sought in the terms of the instrument
 
 ; but if the words used leave the intention in doubt, resort may be had to the circumstances attending the execution of the instrument and the situation of the parties at that time....
 

 Seawell v. Hall
 
 ,
 
 185 N.C. 80
 
 , 82,
 
 116 S.E. 189
 
 , 190 (1923) (emphasis added). Our Supreme Court also guided that, ordinarily, to construe a deed and determine the parties' intention, a court gathers the intention "from the language of the deed itself when its terms are unambiguous. However, there are instances in which consideration should be given to the instruments made contemporaneously therewith, the circumstances attending the execution of the deed, and to the situation of the parties at the time."
 
 Smith v. Smith
 
 ,
 
 249 N.C. 669
 
 , 675,
 
 107 S.E.2d 530
 
 , 534 (1959)
 

 On that basis, if "[t]he language of the deed [at issue is] clear and unequivocal, it must be given effect according to its terms, and we may not speculate that the grantor intended otherwise."
 
 Cty. of Moore v. Humane Soc'y of Moore Cty., Inc.
 
 ,
 
 157 N.C. App. 293
 
 , 298,
 
 578 S.E.2d 682
 
 , 685 (2003) (citations and internal quotation marks omitted). "We must, if possible without resorting to parol evidence, determine the grantors' intent based on the four corners of the deed."
 
 Simmons v. Waddell
 
 ,
 
 241 N.C. App. 512
 
 , 524,
 
 775 S.E.2d 661
 
 , 674 (2015) (citation omitted). Language that is otherwise clear will not be disturbed by punctuation; however, punctuation may be considered in deriving the intent of the parties.
 
 Stephens Co. v. Lisk
 
 ,
 
 240 N.C. 289
 
 , 293,
 
 82 S.E.2d 99
 
 , 102 (1954) (citations omitted).
 

 Appellants contend that, as heirs of the Vieles' son Dwight, the Deed conveyed to them a vested remainder subject to partial divestment by after-born children rather than a contingent remainder interest at the moment of its creation. Their argument rests on
 
 Buchanan v. Buchanan
 
 ,
 
 207 N.C. App. 112
 
 ,
 
 698 S.E.2d 485
 
 (2010), in which this Court stated,
 

 [A] remainder is vested, when, throughout its continuance, the remainderman and his heirs have the right to the immediate possession whenever and however the preceding
 
 *362
 
 estate is determined; or, in other words, a remainder is vested if, so long as it lasts, the only obstacle to the right of immediate possession by the remainderman is the existence of the preceding estate; or, again, a remainder is vested if it is subject to no condition precedent save the determination of the preceding estate.
 

 Id.
 
 at 118,
 
 698 S.E.2d at 489
 
 (citation omitted). Accordingly, Appellants claim that the
 
 *810
 
 Vieles' seven then-living grandchildren obtained a vested remainder subject to open or partial divesture at the moment of the Deed's execution and that the class of grandchildren intended to take pursuant to the Deed was therefore immediately ascertainable.
 

 Plaintiffs counter that the plain language of the Deed instructs that title shall not vest in any grandchildren until the death of the last of the Vieles' children. To conclude that title vests at any point prior to the death of the last of the Vieles' living children would blatantly disregard the grantors' intent as expressed in the Deed. Furthermore, because title cannot vest until the last of the Vieles' children dies, the Vieles' living grandchildren have only a contingent remainder interest in the Property as they must outlive the last of the living children in order for their title to the Property to vest.
 

 Hence, the dispute is whether the grandchildren's interest is vested or contingent.
 

 The distinction between a vested and a contingent remainder is the capacity to take upon the termination of the preceding estate. Where those who are to take in remainder cannot be determined until the happening of a stated event, the remainder is contingent. Only those who can answer the roll immediately upon the happening of the event acquire any estate in the properties granted.
 

 Strickland
 
 ,
 
 259 N.C. at 84
 
 ,
 
 130 S.E.2d at
 
 25 (citing
 
 Wimberly v. Parrish
 
 ,
 
 253 N.C. 536
 
 ,
 
 117 S.E.2d 472
 
 (1960) ;
 
 Parker v. Parker
 
 ,
 
 252 N.C. 399
 
 ,
 
 113 S.E.2d 899
 
 (1960) ;
 
 Wachovia Bank & Trust Co. v. Schneider
 
 ,
 
 235 N.C. 446
 
 ,
 
 70 S.E.2d 578
 
 (1952) ) (citations omitted);
 
 see also
 

 Hollowell v. Hollowell
 
 ,
 
 107 N.C. App. 166
 
 , 174,
 
 420 S.E.2d 827
 
 , 832 (1992) ("The triggering event for the passage or vesting of the contingent remainder in this case is the death of each of the two life tenants." (citation omitted)).
 

 As outlined at length above, our ultimate objective in construing a deed is to effectuate the intent of the grantor as expressed through the language of the deed itself, and, in this case, the Vieles plainly stated
 
 *363
 
 their desire that "upon the death of the last of the four above-named children, fee simple title is to vest in our
 
 *811
 
 grandchildren, the living issue of the four above-named children." Based on this language, it is clear that this is the type of case "[w]here those who are to take in remainder cannot be determined until the happening of a stated event"-the death of the last of the Vieles' children.
 
 [6]
 
 If a particular grandchild fails to survive the last of the Viele children, he does not take of the Property according to the express terms of the Deed. For that reason, the trial court correctly determined that Linnie and Lisa have contingent remainders, and we therefore affirm as to this issue.
 

 In regard to the overlapping second and third issues, our conclusion as to Linnie's and Lisa's contingent remainders dictates the outcomes of those issues as well. As Linnie's and Lisa's remainders are contingent, they do not vest until the happening of a triggering event.
 
 See
 

 Strickland
 
 ,
 
 259 N.C. at 84
 
 ,
 
 130 S.E.2d at 25
 
 (recognizing that remainders are contingent if the remaindermen cannot be determined until the happening of a specified event). In this case, the language of the Deed specifies both when the class of remaindermen is to be identified and when title to the Property vests in those remaindermen. Specifically, the Deed pronounces, "and
 
 upon the death of the last of the four above-named children
 
 , fee simple title is to vest in our grandchildren, the living issue of the four above-named children[.]" (Emphasis added).
 

 A plain reading of this text requires that the class of remaindermen will consist of the then-living grandchildren upon the death of the last surviving child, who we now know was Ms. Price, and that title to the Property vests in those grandchildren "upon the death" of that last surviving child. As such, we cannot conclude, as Appellants urge, that the trial court erroneously concluded "[t]he class of grandchildren will not close and cannot be determined until the death of Helen Viele Price,"
 

 *364
 
 and "[t]he individuals in which the remainder interest vests cannot be established until the death of Helen Viele Price." Accordingly, we also affirm as to these issues.
 

 Conclusion
 

 For the reasons stated above, the trial court correctly concluded: (1) Lisa Viele Feher and Linnie Price Rutledge each hold a contingent remainder interest in the subject property; (2) the class of grandchildren will not close and cannot be determined until the death of Ms. Price; and (3) the individuals in which the remainder interest vests cannot be established until the death of Ms. Price. Accordingly, we affirm the trial court's ruling.
 

 AFFIRMED.
 

 Chief Judge McGEE and Judge DIETZ concur.
 

 [1]
 

 Helen Viele Price passed away between the entry of the trial court's judgment and the filing of the briefs to this Court.
 

 [2]
 

 Charles died in 1989 without marrying or having children.
 

 [3]
 

 Dwight died in 2011, and he was preceded in death by his son, Dwight Viele, Jr., who passed away in 1996 with no surviving spouse or children. David Viele, Sr., has since passed away and was survived by his wife, Marsha Viele, and his two children-David Viele, Jr., and Lisa Viele Adams. Terry Viele Skinner passed away in 2014, and she was survived by two children-Beau Skinner and Bridgett Skinner.
 

 [4]
 

 Before Richard died, he and his two children executed and recorded a quitclaim deed conveying any potential interest he had in the Property to his remaining siblings.
 

 [5]
 

 Plaintiff brought this action against:
 

 "Lisa Viele Feher, Marsha Viele, David Viele, Jr. and wife, Rachel Viele, Beau Skinner and wife, Josefina Skinner, Bridgett Skinner Otero and husband, Jehiell Otero, Helen Viele Price and husband, George Price, Lisa A. Adams and husband, Christopher Adams, Prantawan Jusee, and Bob J. Howell, Successor Trustee of the Dwight A. Viele, Sr. Revocable Trust U/A/D July 28, 2010 [collectively, "Defendants"]."
 

 [6]
 

 We acknowledge our state Supreme Court's long-held precedent that, "where an estate is granted to one for life, and to such of his children as should be living after his death, a present right to future possession vests at once in such as are living, subject to open and let in after-born children, and to be divested as to those who shall die without issue."
 
 Starnes v. Hill
 
 ,
 
 112 N.C. 1
 
 , 12,
 
 16 S.E. 1011
 
 , 1014 (1893) (citation omitted). However, the Deed in this case is distinguishable as it did not simply convey the Property to the Viele's children for life, and then to such of the Vieles' grandchildren as should be living after the death of the last Viele child. Instead, as we have explained, the explicit language chosen by the Vieles declares that title is not to vest until the specified triggering event. Therefore,
 
 Starnes
 
 is inapplicable as it is in contravention of the Vieles' intent.
 
 See
 

 Croxall v. Shererd
 
 , 72 U.S. (5 Wall.) 268, 287,
 
 18 L.Ed. 572
 
 , 579 (1866) (holding that a remainder will not be deemed contingent "when,
 
 consistently with the intention
 
 , it can be held to be vested" (emphasis added)).